1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   US BANK NATIONAL ASSOCIATION
     TRUSTEE FOR ADJUSTABLE RATE
11   MORTGAGE TRUST 2005-12,
     ADJUSTABLE RATE MORTGAGE
12   BACKED PASS THROUGH CERTIFICATES,
     SERIES 2005-12,
13

14             Plaintiff,              Case No. 2:13-cv-0645 MCE DAD PS

15       vs.

16   ALVARO MEJIA;                     FINDINGS AND RECOMMENDATIONS
     DOLORES MEJIA,
17

18             Defendants.

19   _____/

20            By Notice of Removal filed April 3, 2013, this unlawful detainer action was

21   removed from the Tuolumne County Superior Court by defendant Alvaro Mejia, who has paid

22   the required filing fee and who is proceeding pro se.  Accordingly, the matter has been referred to

23   the undersigned for all purposes encompassed by Local Rule 302(c)(21).

24            At the outset, defendants are advised that one party proceeding pro se may not

25   represent any other party proceeding pro se.  See Local Rule 183.  Thus, each document

26   submitted for filing by defendants must bear the signatures of all defendants.  In this regard, the

                                        1

1   Notice of Removal should have been signed by each of the two defendants, but was signed only

2   by defendant Alvaro Mejia.  See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756,

3   762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join

4   in a petition for removal . . .").

5        Moreover, it is well established that the statutes governing removal jurisdiction

6   must be "strictly construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062,

7   1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

8   See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of

9   Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction

10  must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v.

11  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction

12  falls on the party invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930,

13  932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See

14  also Provincial Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal

15  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

16  those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

17  1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject

18  matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

19       In removing this action, defendant Alvaro Mejia alleges that "Federal question

20  jurisdiction exists because Defendants' demurrer, a pleading depend (sic) on the determination of

21  Defendants' rights and Plaintiff's duties under federal law."  (Notice of Removal (Doc. No. 1) at

22  3.)  Specifically, defendant Alvaro Mejia alleges that plaintiff has "failed to comply" with 12

23  U.S.C. § 5220.  (Id. at 2.)

24       It is evident, however, from a reading of plaintiff's complaint that this is nothing

25  more than a garden-variety unlawful detainer action filed against the former owner of real

26  property located in California and that it is based wholly on California law.  As such, the

1  complaint does not involve any "claim or right arising under the Constitution, treaties or laws of

2  the United States" that would have permitted plaintiff to file this action originally in federal

3  court.  See 28 U.S.C. § 1441(b).  Moreover, it is evident from defendant Alvaro Mejia's Notice

4  of Removal that any federal claims in this action arise solely from defendants' own affirmative

5  defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl.

6  Remediation, LLC, 213 F.3d at 1113.  Thus, defendant Alvaro Mejia has failed to meet his

7  burden of establishing a basis for federal jurisdiction over this action.

8          Accordingly, IT IS RECOMMENDED that this action be summarily remanded to

9  the Tuolumne County Superior Court and that this case be closed.

10          These findings and recommendations will be submitted to the United States

11  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

12  fourteen days after being served with these findings and recommendations, any party may file

13  written objections with the court and serve a copy on all parties.  A document presenting

14  objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

15  Any reply to objections shall be filed and served within seven days after service of the objections.

16  The parties are advised that failure to file objections within the specified time may waive the

17  right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: April 4, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\usbank-mejia0645.ud.f&rs

3